Catron, J.
delivered the opinion of the court. Sapping-ton was warranted by Williams, and brought before a justice of the peace, and judgment was recovered against him for thirty-one dollars. The day upon which the judgment was recovered, Sappington and Hickman met the justice in town, five miles from where the justice lived, and where he *118 had rendered the judgment, and where the papers were. ■H-;fqfTnaTI t0M the justice to enter his name as security for the stay; which the justice, when he went home, did on the same day. The only question is, whether Hickman is bound by this, and liable for the debt?
The stay of an execution, by our acts of assembly, can only be lawfully granted to the defendant, upon his giving security for the debt and costs; and if the money is not paid at the expiration of the stay, execution can immediately issue, against both the principal and his security, for the stay. This securityship, in effect, is in fact the confession of a judgment before the justice. Such judgment, in a court of record, could only be confessed in open court, by the party against whom the judgment is rendered in person, or by his lawfully authorized attorney.
We apprehend the only safe and correct practice, in staying executions upon judgments rendered before justices of the peace, to be, that the justice shall require the party, about to become security for the debt, to sign his own name to the acknowledgment, by himself, or his legally constituted attorney; or by directing the justice, in writing, to do so; or that the justice enter the acknowledgment of the secu-rityship for the stay, in the presence of the party becoming security — and that the record of the judgment, upon which execution is stayed, be also present when such entry is made.
The justice, in this case, would have taken Hickman’s acknowledgment in writing, but it was inconvenient, &c. If the acknowledgment had been in writing, signed by Hickman, specifying the parties, date and amount of the judgment, the execution of which he was about to stay, there would probably have been no objection to the regularity of the proceeding. This, however, was not done; — 1 Hickman never read, or heard read, the judgment; nor was the entry, by which he was to become security for the stay, made in his presence. We are, therefore, all of opinion, that he is not bound, and that the judgment of the circuit court must be reversed, and the cause remanded to that court, for further proceedings therein to be had.
Judgment reversed.